Asher GUESS, Jr., et al., Appellants,

v.

Dorothy Payne Guess GLENN, Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1956.

Rodes K. Myers, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellee.

CLAY, Commissioner.

This controversy involves the custody of a girl child 4½ years of age. The Chancellor ordered the custody divided for six month periods between the child's paternal grandparents and her mother. The grandparents appeal on the ground the mother should not be allowed the custody of the child for any period because she is unable to offer her an adequate home and is an unfit person.

The father is in the Army. The mother has been working in Indianapolis and at the time of the hearing did not appear to have an adequate home for the child. For this latter reason, and in order to retain jurisdiction over the child, the Chancellor directed that she be maintained and supported in the possession of her maternal great aunt and uncle who live in Bowling Green.

Appellants contend that the home of the great aunt and uncle is not a satisfactory one and perhaps the proof does show that the grandparents are in a better position to care for the child. However, the Chancellor made a finding that the great aunt and uncle were good Christian people, and were able to provide a respectable home. There was substantial evidence to support this finding.

Appellants at great length argue that the mother has been guilty of immoral acts; that she has not exhibited the proper love and affection for this child and her other children; and that she is somewhat unstable in her domestic relations. While the record indicates that her manner of living has not been ideal, the Chancellor found that "the proof heard does not convince me the mother is immoral or that she should be deprived wholly of the custody of the child". We agree with this finding.

This record does not convince us that the mother is an unsatisfactory person or that

the child's best interests would be served by being taken from the mother or from the mother's relatives with whom the child will live half of each year. In a very thoughtful opinion the Chancellor carefully considered the controlling factors involved in a case such as this, and we believe the judgment entered is consonant with those equitable principles that govern the proper solution of such unfortunate controversies.

Appellants also object to that part of the order which directs the grandparents to pay into the hands of a designated friend of the court, during the period of the mother's custody, a governmental allowance being received for the support of the child, which sum shall be used for her maintenance. Appellants fail to point out any valid reason why this order was not a proper one under the circumstances.

The judgment is affirmed.